UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOBY STRASSER,

        Plaintiff,

  v.                                      Case No. 18-C-947

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

**DECISION AND ORDER REVERSING THE COMMISSIONER'S DECISION**

This is an action for review of the final decision of the Commissioner of Social Security denying Plaintiff Toby Strasser's applications for a period of disability and disability insurance benefits as well as for supplemental security income under Titles II and XVI of the Social Security Act. 42 U.S.C. § 401 *et seq.* For the reasons stated herein, the Commissioner's decision will be reversed and remanded.

**BACKGROUND**

On October 15, 2014, Plaintiff filed applications for a period of disability and disability insurance benefits as well as for supplemental security income, alleging disability beginning April 23, 2014. She listed stroke-cerebral infarction, bilateral involvement; antiphosolipid antibody syndrome; major depression disorder, recurrent episode, moderate; hemiparesis; anxiety; ADHD; left knee meniscus tear with bone spurs; CVA, cerebral infarction; GAF of 57; and anticoagulation per hematology as the conditions that limited her ability to work. R. 84. After the applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law

judge (ALJ). ALJ John Martin conducted a hearing on May 5, 2017. Plaintiff, who was represented by counsel, and a vocational expert testified. R. 31–78.

At the time of the hearing, Plaintiff was 40 years old and lived with her ten-year-old daughter. R. 41. She had an eleventh grade education and had worked as a short order cook, a CNA, a cashier, and a day care center worker. R. 45, 48–50. Plaintiff testified that she is unable to work because she feels uncomfortable around people; her swollen knee prevents her from standing; and she has pain in her head, chest, and knees. R. 51. She also reported that she has had ongoing issues with headaches since her April 2014 stroke. R. 58. Plaintiff testified that she gets fifteen headaches a month. When she gets a headache, Plaintiff indicated that she lays still in her dark bedroom, and there cannot be any noise or light. She cannot move because she gets nauseous. Ordinarily, the headaches last for three to four days, but if she can get lay down immediately, it will only last for one day. R. 59.

As to her typical day, Plaintiff testified that she wakes up at 6:30 a.m. to get her daughter to school. When her daughter leaves for school, Plaintiff lays down and takes her medication. Then she cooks dinner and goes to bed between 7:30 and 8:00 p.m. R. 63. Although she does the dishes, she is required to take breaks. R. 64. She does laundry but cannot do yard work. R. 64. Plaintiff testified that she needs assistance grocery shopping and must take a break from walking after five minutes because she has difficulty breathing. R. 41, 44. Although Plaintiff smokes three cigarettes a day, she is at the "last leg of quitting." R. 56.

In a 12-page decision dated July 7, 2017, the ALJ determined Plaintiff was not disabled. R. 15–26. Following the Agency's sequential evaluation process, the ALJ concluded at step one that Plaintiff met the insured status requirements through March 31, 2015, and had not engaged in

substantial gainful activity since April 23, 2014, the alleged onset date. R. 17. At step two, the ALJ found Plaintiff had the following severe impairments: anti-phospholipid syndrome, status post cerebrovascular accident, chronic obstructive pulmonary disease, degenerative joint disease, and status post left anterior cruciate ligament reconstruction. R. 17–18. He also found that Plaintiff's affective disorder and anxiety disorder were non-severe impairments. R. 18. At step three, the ALJ concluded Plaintiff's impairments or combination of impairments did not meet or medically equal any listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 20.

The ALJ then determined Plaintiff has the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> She could lift/carry up to 10 pounds occasionally and less than 10 pounds frequently. The claimant could occasionally balance, stoop, kneel, crouch, and climb ramps and stairs. She could not climb ladders, ropes, or scaffolding. The claimant could not work at unprotected heights or around moving mechanical parts. The claimant could not operate a [motor] vehicle as part of her work duties. The claimant cannot tolerate concentrated exposure to pulmonary irritants such as dust, odors, and fumes. The claimant must avoid more than concentrated exposure to extreme heat.

R. 21. With these limitations, the ALJ found at step four that, although Plaintiff cannot perform any past relevant work as a cook, cashier II, certified nursing assistant, day care center worker, or fast food cashier, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a production worker/final assembler, a general office clerk, and an inspector/sorter. R. 24–25. Based on these findings, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act. R. 26. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Thereafter, Plaintiff commenced this action for judicial review.

## LEGAL STANDARD

The final decision of the Commissioner will be upheld if the ALJ applied the correct legal standards and supported her decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind could accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusion drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the Social Security Administration's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Plaintiff argues, among other things, that the ALJ erred by failing to consider and evaluate her migraine headaches. In particular, she asserts that the ALJ failed to address the severity and frequency of her migraine headaches when assessing the RFC. An RFC is an administrative assessment describing the extent to which an individual's impairments may cause physical or mental

limitations or restrictions that could affect her ability to work. SSR 96-8p, 1996 WL 374184, at *2. The RFC represents "the maximum a person can do—despite his limitations—on a 'regular and continuing basis,' which means roughly eight hours a day for five days a week." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (quoting SSR 96-8p). In forming the RFC, an ALJ must review all of the relevant evidence in the record and "consider all limitations that arise from medically determinable impairments." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). Although the ALJ did not indicate at step two whether Plaintiff's migraine headaches were a severe or non-severe impairment, he was required to consider all of Plaintiff's medically determinable impairments when determining her RFC and her ability to meet the demands of work.

In this case, Plaintiff testified that she suffered from migraine headaches fifteen times per month and that they last anywhere from three to four days. She testified that she needed to lay still in a dark, quiet room. R. 59. Despite this testimony, the ALJ's decision only acknowledged that Plaintiff's sister stated that Plaintiff had trouble functioning because of headaches, R. 22, and does not mention Plaintiff's migraine headaches again. He neither addressed Plaintiff's testimony about her limitations or any evidence relating to her migraines nor accounted for the restrictions Plaintiff identified in his determination of her RFC. Although the ALJ was not required to mention every piece of evidence in the record, he must not ignore an entire line of evidence contrary to his opinion. *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016); *see also Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016) ("An administrative law judge 'must confront the evidence that does not support [his] conclusion and explain why that evidence was rejected.'" (quoting *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014)).

The ALJ's decision offers no real analysis or consideration of what impact, if any, Plaintiff's headaches had on her ability to work, even though the record shows that Plaintiff had debilitating headaches fifteen times a month. This is especially important as the vocational expert found that Plaintiff would be precluded from work if she were to miss more than one day of work per month. The ALJ therefore failed to build a logical bridge from the evidence of Plaintiff's frequent and severe migraines to the conclusion that Plaintiff can perform sedentary work with the limitations described in the RFC. On this basis, the court reverses the Commissioner's decision and remands for further proceedings to discuss what affect, if any, Plaintiff's migraine headaches had on her ability to work.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and **REMANDED** to the Social Security Administration pursuant to 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with this order. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this  24th  day of June, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
